**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4195-18

RODNEY LEE,

     Plaintiff-Appellant,

v.

RAS CITRON, LLC and
U.S. BANK, N.A.,

     Defendant-Respondent.

_____

Submitted April 27, 2021 – Decided May 13, 2021

Before Judges Mawla and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. DC-003718-19.

Rodney Lee, appellant pro se.

RAS Citron, LLC, attorneys for respondent (Christopher Ford, on the brief).

PER CURIAM

Plaintiff Rodney Lee appeals from a May 10, 2019 order dismissing his complaint against defendants RAS Citron, LLC and U.S. Bank, N.A. with prejudice for failure to state a claim. We affirm.

Plaintiff's property was the subject of a foreclosure in which a final judgment was entered on November 24, 2015. The property was sold at a sheriff's sale on May 31, 2016. U.S. Bank was the winning bidder and received title to the property in a deed dated August 6, 2016, which recited consideration of $100. Plaintiff filed a motion to vacate the sheriff's sale in March 2017. The Chancery Division judge denied the motion on July 10, 2017.

In February 2019, plaintiff instituted this litigation in the Special Civil Part, and in his complaint alleged "the purported [r]ecorded [d]eed [g]rantor was not valid pursuant to N.J.S.A. 25:1-11(a)(1) to pass title of [the] . . . property." The complaint alleged the grantor did not transfer title "for valuable consideration as established by N.J.S.A. 46:15-5 or had requested the [deed] . . . be recorded by RAS Citron, LLC" and therefore U.S. Bank did not have valid title. Plaintiff alleged because defendants did "not voluntarily expunge[]" the deed, the court should award him $14,000 in compensatory damages for the fraudulent transaction.

A-4195-18

One month after filing the complaint, plaintiff filed a motion to "expunge" the deed, which was denied. Plaintiff's subsequent motion for reconsideration was denied as well. Defendants moved to dismiss the complaint, which the motion judge granted in the May 10, 2019 order. Subsequently, the judge explained his decision in an oral opinion on May 22, 2019 as follows:

> Defendants argue the plaintiff's action is barred by issue preclusion and by [claim] preclusion because on March 17, 2017[,] [p]laintiff filed a motion to vacate U.S. Bank's deed on the basis of fraud, mistake irregularity and the conduct of the [s]heriff's [s]ale. Defendants argue that the law of the case requires the [c]ourt to respect the Chancery [c]ourt's decision to deny [p]laintiff's motion to vacate the sale based on fraud.
>
> Defendants argue that the plaintiff's complaint fails to state a legal actionable claim because the foreclosure action was a valid transfer of title to U.S. Bank. And they argue that [p]laintiff does not have any damages because they were foreclosed on the property pursuant to the terms of the mortgage.
>
> Plaintiff makes really the same arguments [he] made in the Chancery Division, that there's no evidence that the [s]heriff's [d]eed was delivered for the purposes of recording the deed, that there was fraud unspecified and just general unlawful conduct.
>
> . . . These are all the issues that were dealt with in the Chancery [c]ourt, fits the identical conduct that was alleged in the Chancery action. Plaintiff fails to point to any conduct on the part of the defendant that did not comply with the proper foreclosure procedures.

3

A-4195-18

The matter literally went on for years, was fully litigated and is over.

There's nothing new here. The foreclosure occurred in accordance with the foreclosure law and procedures. There's simply no claim upon which relief can be granted. No illegal conduct by any of the defendants including [RAS Citron, LLC] who represented U.S. Bank at the foreclosure. So the motion is granted.

Plaintiff raises the following point on this appeal:

I. APPELLATE COURT MUST DECIDE WHETHER THE TRIAL COURT FAILED TO PROVIDE ADEQUATE FINDINGS OF FACT AND CONCLUSION[S] OF LAW SUPPORTING ITS DECISIONS PURSUANT TO RULE 1:7-4, AND AS MATTER OF LAW

"A motion to dismiss under Rule 4:6-2(e) requires application of 'the test for determining the adequacy of a pleading: whether a cause of action is "suggested" by the facts.'" Gonzalez v. State Apportionment Comm'n, 428 N.J. Super. 333, 349 (App. Div. 2012) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). "A complaint should be dismissed for failure to state a claim pursuant to Rule 4:6-2(e) only if 'the factual allegations are palpably insufficient to support a claim upon which relief can be granted.'" Frederick v. Smith, 416 N.J. Super. 594, 597 (App. Div. 2010) (quoting Rieder v. State Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987)).

A-4195-18

A "with-prejudice" dismissal of a plaintiff's complaint will be reversed if it is "premature, overbroad[,] . . . [or] based on a mistaken application of the law." Flinn v. Amboy Nat'l Bank, 436 N.J. Super. 274, 287 (App. Div. 2014). When we review a trial court's ruling dismissing claims against a party under Rule 4:6-2(e), we apply a plenary standard of review which owes no deference to the trial court's conclusions. Bacon v. N.J. State Dep't of Educ., 443 N.J. Super. 24, 33 (App. Div. 2015).

We reject plaintiff's argument because, as we have recounted, the motion judge clearly made findings of fact and conclusions of law. Moreover, applying our plenary standard of review, we affirm for the reasons set forth in the motion judge's opinion. To the extent we have not addressed an argument raised by plaintiff, it is because it lacks sufficient merit to warrant discussion a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4195-18